IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY DEWAYNE LOWE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0176 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Billy Dewayne Lowe, proceeding pro se, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the results of his prison disciplinary hearing. Pending before the court is Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10). Petitioner has not filed a Response. For the reasons discussed below, the court will grant the motion for summary judgment and deny Lowe's petition for a writ of habeas corpus.

**I.  Factual and Procedural Background**

Lowe is incarcerated for unauthorized use of a motor vehicle,[1] evading arrest,[2] two counts of burglary of a habitation,[3] burglary

---

[1] State v. Lowe, No. F-9750426-WV (292nd Dist. Ct., Dallas County, Tex., Dec. 29, 1997).

[2] State v. Lowe, No. F-9750425-WV (292nd Dist. Ct., Dallas County, Tex., Dec. 29, 1997).

[3] State v. Lowe, No. F-9776454-WV (292nd Dist. Ct., Dallas County, Tex., Dec. 29, 1997) and State v. Lowe, No. F-9776726-WV (292nd Dist. Ct., Dallas County, Tex., Dec. 29, 1997.

of a building,[4] and theft of property over $1,500 and under $20,000.[5] (Respondent's Motion for Summary Judgment, Docket Entry No. 10, Exhibit A)  Lowe does not challenge the conviction. Instead, he challenges disciplinary proceeding number 20040333974 related to Lowe being "out of place" on July 22, 2004, from which he received the following punishment:  (1) thirty days of recreation restriction; (2) thirty days of commissary restriction; (3) a reduction in good-time-earning class from S2 to L1; and (4) a forfeiture of thirty days of good-time credit.[6]

On January 19, 2005, Lowe filed a federal habeas petition pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).  He alleges that

   (1)   his right to due process was violated because all evidence was not considered during the disciplinary hearing and because a "true" investigation was not done to substantiate his innocence;

   (2)   he was denied effective assistance of counsel because counsel failed to fully investigate the facts of his case; and

   (3)   the evidence was insufficient to support a finding of guilt and deprive Lowe of his good-time credit.

## II.  Standards of Review

**A.  Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[4]State v. Lowe, No. F-9756451-V (292nd Dist. Ct., Dallas County, Tex., Jan. 5, 1998).

[5]State v. Lowe, No. F-9756453-V (292nd Dist. Ct., Dallas County, Tex., Jan. 5, 1998).

[6]Disciplinary Hearing Records, Docket Entry No. 11 at page 1.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  A "genuine issue as to any material fact" requires evidence "such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).  Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "[S]ome metaphysical doubt as to the material facts, . . . conclusory allegations, . . . unsubstantiated assertions . . . or . . . only a scintilla of evidence" does not suffice.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986); Lujan v. Nat'l Wildlife Fed'n, 110 S. Ct. 3177, 3188

(1990); Hopper v. Frank, 16 F.3d 92, 97 (5th Cir. 1994); Davis v. Chevron USA, Inc., 14 F.3d 1082, 1086 (5th Cir. 1994)) (internal quotation marks omitted).

When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1552 (1999). Additionally, the court should construe liberally the petitions of prisoners seeking habeas relief. See Haines v. Kerner, 92 S. Ct. 594 (1972) (per curiam). Procedural rules must give way at times because of the "unique circumstance of incarceration." McNeil v. United States, 113 S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379, 2385 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines, 92 S. Ct. at 596.

**B.    AEDPA**

The federal courts' power to issue writs of habeas corpus to prisoners challenging state convictions is subject to relevant portions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Congress enacted the statute to prevent "retrials" of state criminal actions, Bell v. Cone, 122 S. Ct. 1843, 1849 (2002), and "'to further the principles of comity, finality, and federalism.'" Woodford v. Garceau, 123 S. Ct. 1398, 1401 (2003) (quoting Williams v. Taylor, 120 S. Ct. 1479, 1490 (2000)).

-4-

Federal district courts may grant habeas relief to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall not grant habeas relief unless the state prisoner has exhausted the remedies available in the courts of the state; there is an absence of state corrective process; or the state corrective process does not protect effectively the rights of the state prisoner. Id. § 2254(b)(1). Additionally, a district court may deny a state prisoner's application for a writ of habeas corpus on the merits even though the prisoner has not exhausted state court remedies. Id. § 2254(b)(2).

### III.  Analysis

**A.  Violation of Due Process**

Lowe claims that his right to due process was violated because all evidence was not considered during the disciplinary hearing and because a true investigation was not done to substantiate his innocence.[7] A federal habeas claim requires an allegation that the prisoner was "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, the state's actions must be examined to identify any violation of due process for Lowe's liberty interest, if any.

---

[7] Petition for a Writ of Habeas Corpus at 7-7A, Docket Entry No. 1.

-5-

The protections of due process apply to prison discipline actions that affect the fact or duration of confinement because the inmate's liberty interest is at risk. Wolff v. McDonnell, 94 S. Ct. 2963, 2975-76 (1974); Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001); Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000). See Superintendent, Mass. Corr. Inst. v. Hill, 105 S. Ct. 2768, 2773 (2001). The protections of due process do not apply, however, to changes to the conditions of confinement, Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973); Malchi, 211 F.3d at 958 (5th Cir. 2000), or to changes that have an attenuated or too speculative effect on the duration of confinement. Malchi, 211 F.3d at 959. Because of the prison environment, the amount of due process afforded during a prison disciplinary hearing must be balanced against institutional interests and the administrative burden. Superintendent, Mass. Corr. Inst. v. Hill, 105 S. Ct. 2768, 2774 (2001); Wolff, 94 S. Ct. at 2982. In Wolff the Court determined that inmates were entitled to the following due process in a disciplinary hearing that may affect the inmate's liberty interest: (1) written notice of the charges no less than 24 hours before the hearing; (2) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence in his defense when it will not be unduly hazardous. Wolff, 94 S. Ct. at 2978-79.

Texas prisoners may become eligible for early release on parole or mandatory supervised release. Parole is the "discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code Ann. § 508.001(6) (Vernon 2004). Mandatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Id. § 501.008(5).

"'[T]here is no constitutional expectancy of parole in Texas'" because parole is discretionary. Malchi, 211 F.3d at 957 (quoting Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997)). Also, the Texas Department of Criminal Justice has determined that Lowe is not eligible for mandatory supervision because of his previous conviction of a first-degree felony under the burglary statute.[8] Therefore, Lowe does not have a liberty interest and cannot make a due process claim.

The loss of commissary privileges and loss of recreation privileges do not implicate a liberty interest because these losses only affect the condition of confinement. Similarly, the change in

---

[8] Respondent Dretke's Motion for Summary Judgment, Docket Entry No. 10 at Ex. B at 1.

good-time-earning status is too speculative to implicate a liberty interest.

Moreover, even if Texas law did create a liberty interest in Lowe's loss of good-time credits, he could not show a lack of due process. Lowe waived his right to twenty-four hour notice of the prison disciplinary hearing.[9] The Disciplinary Report and Hearing Record indicates that the fact-finder considered the officer's report, the charging officer's telephone testimony, and the inmate's map in arriving at the reasons for the disciplinary action.[10] Lowe was provided an opportunity to call witnesses and present documentary evidence, as the hearing tape and the inclusion of his map indicate.[11] Therefore, even if Lowe were eligible for mandatory supervision, habeas relief would be denied.

**B. Ineffective Assistance of Counsel**

Lowe claims that he was denied effective assistance of counsel because his counsel substitute failed to fully investigate the facts of his case.[12] Prisoners do not "'have a right to either retained or appointed counsel in disciplinary hearings.'" Baxter

---

[9]Disciplinary Hearing Records, Docket Entry No. 11 at page 1.

[10]Id.

[11]Id. at pages 8-9.

[12]Petition for a Writ of Habeas Corpus at 7-7B, Docket Entry No. 1.

-8-

v. Palmigiano, 96 S. Ct. 1551, 1556-57 (1976) (quoting Wolff, 94 S. Ct. at 2981); Enriquez v. Mitchell, 533 F.2d 275 (5th Cir. 1976) (per curiam).  A prisoner can claim that the state denied effective assistance of counsel only when the prisoner has a constitutional right to counsel.  See Wainwright v. Torna, 102 S. Ct. 1300, 1301 (1982); Ross v. Moffitt, 94 S. Ct. 2437, 2443 (1974).  Because Lowe had no right to counsel, habeas relief will be denied on this claim.

**C.   Sufficiency of Evidence**

Lowe claims that the evidence was insufficient to support a finding of guilt.[13]  In a prison disciplinary hearing the findings for revocation of good-time credits must be supported by "some evidence" in the record.  Hill, 105 S. Ct. at 2773-74.  This determination does not require a complete examination of the record.  Instead, the court only needs to determine if any evidence supports the conclusion reached at the disciplinary hearing.  Id. at 2774.  The written Offense Report of Officer Shanks satisfies the requirement for "some evidence."  Hudson, 242 F.3d at 536-37.  Habeas relief will be denied.

### IV.   Conclusion and Order

For the reasons discussed above, petitioner has failed to raise a claim that would justify issuance of a writ of habeas

---

[13]Id. at 7-7C.

corpus.  Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**.  The petition for a writ of habeas corpus (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of August, 2005.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE